### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### CASE NO.

**DINA O'TOOLE,**
             **Plaintiff**,

**vs.**

**SCHOOL BOARD OF**
**BROWARD COUNTY,**                              **COMPLAINT**
**FLORIDA, a political**
**subdivision of the State**
**of Florid**a,
             **Defendant.**
_____/

COMES NOW, Dina O'Toole, by and through her undersigned counsel, and for her claims and or

causes of action against the School Board of Broward County, Florida, and she states and alleges

as follows:

#### I.
#### NATURE OF THE CASE AND THE PARTIES

1. This is a civil action for damages and other relief against the Defendant, the School Board

   of Broward County, Florida, for a violation of the Americans with Disabilities Act, 42

   U.S.C. Section 12101, *et seq*. ("ADA"), and the 2009 Amendments thereto.

2. This case is also brought under 42 U.S.C. Section 1983, for a violation of Plaintiff's civil

   rights under the Fourteenth Amendment to the United States Constitution, for the

   Defendant's failure to provide a pre-determination hearing, prior to the implementation of

   her dismissal from employment.

3. Defendant committed the violation of Plaintiff's Fourteenth Amendment rights, as enforced by 42 U.S.C. Section 1983, under color of state law, with a willful disregard of Plaintiff's property rights in her continued employment.

4. Plaintiff, Dina O'Toole ("O'Toole"), is a resident of Ft. Lauderdale, Broward County, Florida; and she was previously employed by the Defendant, at Community Schools South, located in Broward County, Florida, as a Registrar III; and even though she had been awarded a clerical position, which would have accommodated her disability, the Defendant revoked the offer of employment at South Broward High School, without justification or explanation.

5. Plaintiff, O'TOOLE, is a "qualified individual with a disability," under the Americans with Disability Act of 1990, 42 U.S.C. Section 12101, *et seq.* ("ADA"), and the 2009 Amendments thereto, and she is subject to the protections of the statute.

6. Plaintiff, O'TOOLE, had a property interest in her continued employment with the Defendant, and therefore, she is subject to the procedural protections of the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. Section 1983.

7. Defendant, the School Board of Broward County, Florida, (hereinafter, referred to as, the "SCHOOL BOARD," or as, the "Employer"), is a Florida Governmental entity, it operates and administers public schools in Broward County, Florida; through its responsible management officials; and it is responsible for administering personnel policies and procedures, including those personnel policies and procedures, governing workplace policies and procedures on discrimination and harassment.

2

8. Defendant, the SCHOOL BOARD, is an "employer," within the purview of the ADA, 42 U.S.C. Section 12101, *et seq*. ("ADA"), and the 2009 Amendments thereto, since it employed, more than fifteen (15) employees, within the relevant time-period, herein.

9. Defendant, the SCHOOL BOARD, is an "employer," within the purview of the ADA, 42 U.S.C. Section 12101, *et seq*. ("ADA"), and the 2009 Amendments thereto, and it has an affirmative legal obligation, to undertake responsible and remedial measures when confronted with allegations of discrimination and harassment, when such conduct is perpetrated by its subordinate managers and supervisors.

10. Defendant, the SCHOOL BOARD, is an "employer," within the purview of the ADA, 42 U.S.C. Section 12101, *et seq*. ("ADA"), and the 2009 Amendments thereto, and it has an affirmative legal obligation, to engage in a meaningful substantive dialogue, or *interactive process*, with eligible employees, to maintain and safeguard the employee/employer relationship.

11. Defendant, the SCHOOL BOARD, as a public employer, is subject to the procedural protections, under the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. Section 1983, to provide appropriate procedural protections, to employees with a property interest in their continued employment.

## II.
## JURISDICTION AND VENUE

12. This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et seq*. ("ADA"), and the 2009 Amendments thereto, and the jurisdiction of

3

this Court, is invoked to secure the protection of and to redress the deprivation of rights, secured by the ADA, against disability discrimination in the workplace.

13. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. Section 1343(3).

14. The Court further has jurisdiction over Plaintiff's claim, pursuant to 42 U.S.C. Section 1983, for a violation of the Fourteenth Amendment to the United States Constitution, pursuant to 28 U.S.C. Section 1331.

15. Venue is properly placed in this district, pursuant to 28 U.S.C. Section 1391(b), because it is where all the parties resided, and where the events complained of herein, had occurred.

16. On December 4, 2019, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, regarding her termination from employment, which had been implemented by the Defendant on October 2, 2019, and within the charge of discrimination, Plaintiff alleged that she had been discriminated against on the basis of her disability.

17. On May 6, 2021, the United States Department of Justice issued the Notice of Right to Sue Memorandum in this case; and Plaintiff had ninety (90) days from the issuance of the Notice of Right to Sue Memorandum, in which to file his Complaint in this Court; and Plaintiff has filed the instant Complaint within ninety (90) days of the issuance of the Notice of Right to Sue Memorandum. [A copy of the Notice of Right to Sue Memorandum is attached to the Complaint, as **EXHIBIT A**.]

18. Plaintiff has properly filed this Complaint, within the applicable ninety (90) day period; and she has performed all conditions precedent, prior to the filing of this Complaint in federal district court.

### III.
### FACTUAL ALLEGATIONS

19. Plaintiff is a "qualified individual with a disability;" and she was fully capable of performing the essential functions of her prior position, with the Defendant, as a Registrar III, with a reasonable accommodation.

20. On July 19, 2019, through correspondence to the Defendant, Plaintiff's treating physician Dr. Milana Kaplan, had recommended that her patient, O'TOOLE, be able to take an intermittent medical leave, from the workplace, to manage and properly attend to her disability.

21. Alternatively, on July 19, 2019, Dr. Kaplan recommended that O'TOOLE work during regular daytime hours, since her medication regimen works best during these hours of a typical work day.

22. O'TOOLE was then in contact with Defendant's Office of Equal Employment Opportunities/ADA Compliance; and she was told that she could not be placed in a daytime position, but that she would need to apply for any daytime position openings.

23. According to the Plaintiff's treating physician, O'TOOLE could also perform the essential functions of her position with intermittent leave, and such an accommodation, would not unduly burden the Defendant employer.

24. Plaintiff was hired by South Broward High School for a day time secretary position on or about September 7, 2019; however, she was informed on September 9, 2019, that she would not be formally placed in the position; the Assistant Principal was unaware of the reason for the rescission of the clerical job offer and he could provide no real explanation for the personnel action, shortly thereafter, during the evening of the same day, September 9, 2019, Plaintiff was informed of her pending termination by the School Board.

25. Defendant wholly failed to follow its recognized termination process and or procedure, in that management elected to proceed with a termination, even though Plaintiff had only recently received a three day suspension; and despite the existence of a policy of progressive discipline, management proceeded immediately to termination, without following any of the intermediary steps, in short, management failed to follow its own well-established procedures, in implementing the termination in this case.

26. Moreover, the Defendant failed to provide O'TOOLE with a pre-determination hearing, prior to the implementation of her termination, and as an employee who had a property right in her position, as protected by an applicable collective bargaining agreement, the holding of a pre-determination hearing for O'TOOLE was mandatory.

27. On August 8, 2019, the Defendant's Office of Equal Employment Opportunities/ADA Compliance, issued correspondence to the Plaintiff, claiming that the medical documentation, which she had provided, though her treating physician, Dr. Milana Kaplan, was insufficient.

28. On August 8, 2019, the Defendant's Office of Equal Employment Opportunities/ADA Compliance, issued correspondence to the Plaintiff, stating that because she did not provide additional medical documentation by August 5, 2019, her request for a reasonable accommodation, could not be processed, and hence, her case had been administratively closed by that office.

29. The Defendant's Office of Equal Employment Opportunities/ADA Compliance has the responsibility of evaluating requested accommodations; and to engage, where needed, in a proper and thorough interactive process, with employees, such as the Plaintiff, seeking reasonable accommodations.

30. The Defendant's Office of Equal Employment Opportunities/ADA Compliance was merely acting, in a wholly arbitrary manner, when; (a) it failed to carefully consider the applicable correspondence, from the Plaintiff's treating physician and (b) it failed to engage in a meaningful dialogue, or an interactive process, with the Plaintiff.

31. These unlawful acts of the Defendant clearly resulted in a per se violation of the applicable statute, the ADA, 42 U.S.C. Section 12101, *et seq*. ("ADA"), and the 2009 Amendments thereto, thereby imposing upon the Defendant.

32. However, contrary to the position of the Defendant's Office of Equal Employment Opportunities/ADA Compliance, Plaintiff had made a diligent and good faith effort to provide additional medical documentation to the Defendant, however, for some inexplicable reason, the Defendant had claimed that the additional medical information was not received.

33. The additional medical documentation was provided during the grievance process, under which Plaintiff had challenged her termination, however, the submission of additional medical documentation, did not result in the overturing of Plaintiff's dismissal from employment.

34. The Defendant proceeded to uphold the Plaintiff's termination on October 2, 2019.

35. The Defendant failed to reasonably consider the accommodation, which had been outlined by her treating physician, Dr. Kaplan, in the treating physician's correspondence dated July 19, 2019.

36. Prior to imposing the termination, the Defendant failed to properly engage, in an *interactive process*, or a meaningful dialogue, with the Plaintiff, to determine, from a medical standpoint, what duties she was capable of performing, and what type of accommodation, if any was needed to enable Plaintiff to perform the essential functions of her position with the Defendant.

37. The Defendant's complete failure, and or its abject refusal, to consider her physician's correspondence properly and reasonably, and or to engage in the interactive process, constitutes a *per se* violation ADA, 42 U.S.C. Section 12101, *et seq*. ("ADA"), and the 2009 Amendments thereto.

## COUNT I
## (UNLAWFUL DISCHARGE—VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 AND THE 2009 AMENDMENTS THERETO).

38. Plaintiff restates and reavers the allegations contained within Paragraphs 1—37 of the Complaint, as if fully set forth herein.

39. O'TOOLE is a "qualified individual with a disability;" and she could perform the essential functions of her position, as a Registrar III for the Defendant.

40. O'TOOLE has the requisite education, practical experience, and skill sets, to perform the essential functions of her position, as a Registrar III for the Defendant.

41. Moreover, even though O'TOOLE was successful in securing another position, a clerical staff position which would have accommodated her disability, management revoked the job offer, only two days after the offer had been made, without any credible reason or explanation.

42. O'TOOLE was an employee of the Defendant, within the meaning of 42 U.S.C. Section 12111 (4).

43. On October 2, 2019, the Defendant terminated O'TOOLE's employment, as a Registrar III, because she was a "qualified individual with a disability," and or management "perceived" or "regarded," her as having a disability.

44. Specifically, the Defendant's unlawful and or discriminatory practices, included, but were not limited to: (a) limiting, segregating, or classifying O'TOOLE, in a way that adversely affected her opportunities and or status, because of her actual or perceived disability within the meaning of Section12112 (b)(1); (b) utilizing standards, criteria, or methods of administration that have the effect pf discrimination on the basis of disability, within the meaning of Section 12112 (b)(3)(A); and (c) failing to make reasonable accommodations for the known limitations of O'TOOLE, despite the fact that doing so would not impose an undue hardship on the operation of the Defendant's operations, within the meaning of

Section 12112 (b)(A); (d) denying employment opportunities to O'TOOLE, based on the Defendant's need to make reasonable accommodations, for her condition, within the meaning of Section 12112 (b)(5)(A); € using qualification standards and or methods of operations that screen out, or tend to screen out individuals with disabilities, despite the fact that doing so, was not consistent with business necessity, within the meaning of Section 12112 (b)(6).

45. O'TOOLE has been severely and substantively damaged by the School Board's violation of the ADA and the 2009 Amendments, thereto, in as much as, O'TOOLE has not been able to use her training education as a Registrar III, and as a result thereof, she has suffered the loss of past and future wages and associated benefits, the loss of professional opportunities, and emotional distress, consisting of mental pain and anguish.

46. O'TOOLE is entitled to the recovery of attorney's fees and costs, incurred in this matter, pursuant to 42 U.S.C. Section 12205.

47. O'TOOLE is further entitled to all relief permitted under the ADA, and the 2009 Amendments thereto, 42 U.S.C. Section 12117(a), including equitable relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, DINA O'TOOLE, prays for damages, in an amount to be determined at trial, together with interest, costs of the suit, attorney's fees, costs, and such other relief as the Court deems to be just and proper.

Furthermore, Plaintiff specifically prays that the Defendant be enjoined from failing or refusing to:

(1) Provide sufficient remedial relief to make Plaintiff whole for the losses which she has suffered because of the discrimination practiced against her, as alleged in the Complaint, including:

    a) Offering Plaintiff full time employment, for the position for which she was qualified, and which she had previously held with the Defendant, along with reasonable accommodations, at the salary she would have earned, in the absence of the dismissal;

    b) If reinstatement is not feasible, then Plaintiff must be granted pertinent amounts of front pay;

    c) Payment of back pay with interest, along with the payment of all associated job benefits; and

    d) The taking of all appropriate non-discriminatory measures by the Defendant to overcome the past effects of discrimination.

**COUNT II**
**(VIOLATION OF THE FOURTEENTH AMENDMENT, AS ENFORCED THROUGH 42 U.S.C. SECTION 1983, FOR THE DEFENDANT'S FAILURE TO PROVIDE A PRE-DETERMINATION HEARING)**

48. Plaintiff restates and reavers the allegations contained within Paragraphs 1—37 of the Complaint, as if fully set forth herein.

49. Defendant, the SCHOOL BOARD, was at all material times herein, acting under color of state law.

50. Defendant, the SCHOOL BOARD, unlawfully deprived Plaintiff of her property rights, without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

51. Plaintiff had a lawfully protected property right in her prior position, as a Registrar III, with the Defendant, as protected by an applicable collective bargaining agreement, between the Defendant and the collective bargaining representative, as incorporated and applied to the states, through the Fourteenth Amendment to the United States Constitution.

52. Defendant, the SCHOOL BOARD, acted recklessly, maliciously and under color of state law to deprive Plaintiff of her procedural rights, which are secured through the Fourteenth Amendment to the United States Constitution, by failing to provide a hearing, and or what process was due, prior to the implementation of Plaintiff's dismissal from her employment.

53. In depriving Plaintiff of these procedural rights, the Defendant committed these unlawful violations under state law, in bad faith and with a malicious purpose, in reckless, wanton and willful disregard of Plaintiff's applicable property rights, as protected by the Fourteenth Amendment.

54. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. Section 1983.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, DINA O'TOOLE, prays for damages, in an amount to be determined at trial, together with interest, costs of the suit, attorney's fees, costs, and such other relief as the Court deems to be just and proper.

Furthermore, Plaintiff specifically prays that the Defendant be enjoined from failing or refusing to:

(2) Provide sufficient remedial relief to make Plaintiff whole for the losses, which she has suffered because of the discrimination practiced against her, as alleged in the Complaint, including:

(a) General and special compensatory damages;

(b) Reinstatement to her prior position as a Registrar III with the Defendant, and associated losses, including back pay and associated job benefits;

(c) Injunctive relief ordering the Defendant to provide procedural safeguards prior to implementing a termination;

(d) Provide to Plaintiff an award of reasonable attorney's fees and costs under 42 U.S.C. Section 1988;

(e) Pre-trial interest on compensable attorney's fees; and

(f) Such further relief as is just and or proper, and or is necessary to make the Plaintiff whole.

## <u>Demand for Jury Trial</u>

The Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33316
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-Mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
By: Mark J. Berkowitz

Dated on this 9th day of June, 2021.